STATE *vs.* BRIDGET FARRALL.

Under the 76th section of the act with regard to crimes and punishments, which provides that every person who shall disturb or break the peace by tumultuous and offensive carriage, threatening, traducing, quarreling with, challenging, assaulting, beating or striking any other person, shall pay a fine &c., it is not necessary to a violation of the statute that the act should be such as would constitute an assault or battery at common law.

COMPLAINT for a breach of the peace, under the 76th section of the statute with regard to crimes and punishments. After a verdict of guilty the defendant moved for a new trial, upon exceptions taken to the charge of the judge. The case is sufficiently stated in the opinion.

*Wait* and *Pratt,* in support of the motion.

*Willey,* state attorney, and *Brandegee,* contra.

HINMAN, J. The defendant was complained of and prosecuted by a single grandjuror, for a breach of the statute which provides that any person who shall disturb or break the peace by tumultuous and offensive carriage, threatening, traducing, quarreling with, challenging, assaulting and beating any other person, shall be punished by fine, or imprisonment, or both. The case on appeal was tried in the superior court, and the court was asked to charge the jury that, to constitute the offense, such conduct on the part of the defendant must be proved, as would amount to an assault or battery at common law. This was refused, and the contrary doctrine, that there could be a violation of the statute without either an assault or a battery being committed, was given to the jury as the law.

The defendant asks for a new trial on the ground that this charge was erroneous, and her counsel refer us to a remark of Judge Swift, in his System, upon which they place much reliance, (2 Swift's System, 341,) to the effect that, under the statute as it then existed, it was necessary that the conduct should be such as to constitute an assault or a battery at com-

State *v.* Farrall.

mon law, in order to amount to a breach of the peace under it. We think, however, that the weight which would otherwise attach to the opinion of so eminent a judge, is much diminished, if not entirely removed in this case, by the circumstance that the intimation of any such opinion is wholly omitted in his Digest, written at a much later period, when his opinions may be supposed to have been more fully matured; since it can hardly be supposed that, on his reconsidering the same subject, he would entirely omit the statement of so important a part of the law, if there was then in his mind no doubt of the soundness of his previously expressed opinion. In the statute in force when Judge Swift's System was published, there was superadded to the public punishment of this offense a provision that the offending party should pay to the party hurt or stricken just damages, which Judge Swift thought had the effect to restrain the generality of the words describing the offense, since there could not properly be said to be a party hurt or stricken unless an assault was committed. This provision has now however been removed, and it may well be doubted whether he would have retained his former opinion after such an alteration of the statute. But, however this may be, we regard the language of the statute as so plain, that upon no fair construction can the various other acts, specified as modes by which the peace may be disturbed or broken, be regarded as so connected with or dependent upon the " assaulting, beating or striking," as to allow of a breach of the statute by the latter acts only, or by the former only in connection with them. Many of the other acts may be as offensive to the good order and quiet of the community as many very serious assaults, and properly more injurious to the public morals. It appears to us, therefore, that while there is the same occasion for a statute against the acts specified as public offenses, as there is against assaults, and as they are named in the same sentence with assaults, as acts or conduct that may amount to a breach of the peace, we have no right to say that a breach of the peace, or, more properly perhaps, a breach of the statute, can not be committed in the manner thus specified. And we are informed that the superior court has repeatedly taken this

view of the statute, and sustained prosecutions under it when no assault or battery was proved ; which we have never known to be complained of except in this instance.

We do not perceive the force of the argument derived from the supposed danger of intrusting the courts with so broad a discretion as, it is said, will be vested in them under this statute. The remedy for any evil of that kind is quite obvious, and very sure to be applied as soon, at least, as the evil can be made to appear.

We therefore advise the superior court not to grant a new trial.

In this opinion the other judges concurred.

New trial not advised.