STATE OF CONNECTICUT *v.* ROBERT E. VAN ALLEN

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued November 4, 1953—decided January 26, 1954

*Ufa E. Guthrie,* for the appellant (defendant).

*Roger F. Gleason,* prosecuting attorney, for the appellee (state).

QUINLAN, J. The information charged the defendant with the crime of breach of the peace in violation of § 8518 of the General Statutes. The defendant was found guilty by the court and has appealed. He assigns error in the conclusion of guilt, in the finding, and in the admission of evidence of previous convictions of the defendant, offered to attack his credibility and to aid the court in passing sentence after conviction. By an amendment to the assignments of error he also raises questions concerning rulings subsequent to the trial.

The following is a summary of the facts found by the court and supported by the evidence. Between 1 a.m. and 6 a.m. on July 8, 1952, the Hartford police

department received from residents in the vicinity of Sigourney Street near Albany Avenue six complaints that there was a prowler in the neighborhood. In connection with some of the complaints, a description of the prowler's clothes was furnished to the police. A family by the name of McKeough lived at 360 Sigourney Street. At about 1 a.m. a loud commotion on their back porch was heard. Someone was heard walking on the porch and later running down the steps with a growling dog in pursuit. The McKeough daughters immediately ran to the front of the house and saw a man wearing clothes tallying with those worn by the defendant when they saw him later in the morning in the custody of the police. The man concealed himself across the street and returned when the lights in the McKeough house were extinguished at 2 a.m. The entire McKeough family were excited and made nervous and apprehensive by the commotion on the porch and by the prowling. Because of their fear of what would happen they were afraid to go to bed until well after 2 a.m. The man did no damage to property, nor did he say anything. The defendant, dressed according to the description given, was arrested at 6:30 a.m. and identified by the McKeough daughters. He gave conflicting accounts of his whereabouts throughout the night.

The defendant maintains that the evidence was insufficient to establish his guilt beyond a reasonable doubt. His claim in this regard is based upon the proposition that he was found guilty of violating the statute, although the acts with which he was charged are not specifically proscribed by it. "Breach of the peace" has been the subject of a statute from the days of Swift. In one of his works, he wrote that the offense was not committed unless the conduct of the accused constituted an assault and battery at com-

mon law. 2 Swift's System 341. His position was grounded, in part at least, on the provision then appearing in the statute that the offending party should pay just damages to the party injured. Statutes, 1796, p. 336, § 1. From this Swift reasoned that there could not properly be said to be an injured party unless an assault or a battery had been committed. The statute, however, has been drastically changed since Swift's time. The provision mentioned above, on which he relied, has been discarded. We have taken note of this and have held that under the statute as it is now phrased, § 8518[1] of the General Statutes, a breach of the peace may be committed without proof of an assault or a battery. *State* v. *Farrall,* 29 Conn. 72, 73.

"The peace" has been defined by us to be "that state and sense of safety which is necessary to the comfort and happiness of every citizen, and which government is instituted to secure." *Malley* v. *Lane,* 97 Conn. 133, 138, 115 A. 674. It is sufficient that the acts intentionally committed are of such a nature that they naturally cause serious disquietude on the part of those in the vicinity. 1 Bishop, Criminal Law (9th Ed.) § 539. No specific intent to break the peace is essential. *State* v. *Cantwell,* 126 Conn. 1, 6, 8 A.2d 533; *Cantwell* v. *Connecticut,* 310 U.S. 296, 309, 60

---

[1] "Sec. 8518. BREACH OF THE PEACE. INTIMIDATION. LIBEL. Any person who shall disturb or break the peace by tumultuous and offensive carriage, noise or behavior, or by threatening, traducing, quarreling with, challenging, assaulting or striking another or shall disturb or break the peace, or provoke contention, by following or mocking any person, with abusive or indecent language, gestures or noise, or shall, with intent to frighten any person, threaten to commit any crime against him or his property or shall write or print and publicly exhibit or distribute, or shall publicly exhibit, post up or advertise, any offensive, indecent or abusive matter concerning any person, shall be fined not more than five hundred dollars or imprisoned in jail not more than one year or both."

S. Ct. 900, 84 L. Ed. 1213. From the recited facts, it appears that the defendant was on the McKeough premises at 1 a.m. and returned again about 2 a.m., and that there was a loud commotion on the McKeough back porch. The conduct of the defendant in prowling around the McKeough house and in creating a commotion there in the early morning hours very naturally excited and disturbed the McKeough family. His conduct constituted "tumultuous and offensive carriage, noise or behavior" within the fair intendment of the statute.

The evidence elicited by the state on cross-examination concerning previous convictions of the defendant involving infamous crimes was solely upon the question of credibility. It was admissible for that purpose. *State* v. *English,* 132 Conn. 573, 579, 46 A.2d 121; *State* v. *Van Allen,* 140 Conn. 39, 41, 97 A.2d 890. It is also too well established to require discussion that the court may take into consideration prior convictions in passing sentence. *State* v. *Chuchelow,* 128 Conn. 323, 22 A.2d 780. There was no error in either ruling.

The defendant filed an amendment to the assignments of error in which he attacked rulings made subsequent to the trial relative to filing a transcript of the evidence and to a request for payment therefor by the state. The amendment deserves no consideration since he failed to comply with the rule. Practice Book §§ 403, 404.

There is no error.

In this opinion the other judges concurred.