## State of Connecticut *v.* Maria Protopapas

### Appellate Division of the Circuit Court

File No. CR 14-2950

Argued September 15, 1961—decided June 18, 1962

*Richard M. Cosgrove,* special public defender, of Hartford, for the appellant (defendant).

*Edward F. Pasiecznik,* assistant prosecuting attorney, for the appellee (state).

O'Connor, J. In a trial to the jury the defendant was convicted of breach of the peace. The defendant made numerous telephone calls to the complainant, his brother, his secretary and business associates. Her language was abusive and indecent, and also included threats of violence and personal harm to her listeners and their families, with intent to frighten them.

The defendant's sole assignment of error is that the court erred in charging the jury by failing to define "peace," as used in the statute, as "public peace," and "breach of the peace" as "breach of the public peace." The defendant duly excepted to the charge, and the exception was noted. There was no written request to charge.

The applicable portions of General Statutes § 53-174 were read twice to the jury in the charge, as

follows: " 'Any person who disturbs or breaks the peace by tumultuous and offensive . . . behavior, or by threatening, . . . [or] assaulting . . . another, or disturbs or breaks the peace . . . by . . . mocking any person, with abusive or indecent language, . . . or, with [the] intent to frighten any person, threatens to commit any crime against him,' . . . shall be punished." The statute does not use the word "public" with reference to the words "peace" or "breach of peace." The court charged: "The word 'peace' as used in this statute means that state and sense of safety which is necessary to the comfort and happiness of every citizen and which government is instituted to secure. It is sufficient that the acts intentionally committed are of such a nature that they naturally cause serious disquietude on the part of those in the vicinity. No specific intent to break the peace is essential . . . the doing of acts or the use of language which, under the circumstancees, the person is or should be aware of, are calculated or likely to provoke another person or other persons to acts of immediate violence, may constitute a breach of the peace." The court then defined the other words and terms in the statute. A charge must be read and considered in its entirety. *Salvatore* v. *Hayden,* 144 Conn. 437, 442.

The language used by the court was adequate to define the terms "peace" and "breach of peace" to the jury as it has been historically defined in the state of Connecticut. *Malley* v. *Lane,* 97 Conn. 133, 138; *State* v. *Cantwell,* 126 Conn. 1, 6; *Cantwell* v. *Connecticut,* 310 U.S. 296, 309; *State* v. *Van Allen,* 140 Conn. 586, 589.

It is not the law that there is no breach of the peace unless the public repose is disturbed. *Malley* v. *Lane,* supra.

There is no error.

In this opinion Cohen and Yesukiewicz, Js., concurred.