### STATE OF CONNECTICUT *v.* HAYWOOD DOTSON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 14-46995

Argued October 25—decided December 3, 1965

*David L. Gussak,* of Manchester, for the appellant (defendant).

*Edward R. Smoragiewicz,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was convicted of the crime of breach of the peace in violation of § 53-174 of the General Statutes and has appealed from the judgment. He assigns error in the denial of his motion to set aside the verdict and in admitting certain testimony of a witness, George Hurd. As to the first assignment, the record fails to show that any such motion had been made, and in oral argument that point was not pursued. We therefore do not consider it. There was no general assignment of error attacking the finding of guilty as not being derived from evidence beyond a reasonable doubt. For a correct understanding of the only claim of error, that of improper admission of evidence, a brief recital of the undisputed facts, we believe, will not only be of help but is necessary.

On April 22, 1965, one of the witnesses, Mary DeCarli, arrived at home at about 11:15 p.m. She resided in a third-floor apartment at 18 Townley Street in Hartford. At that time she observed a strange figure going between the garage and her apartment house toward the rear of the apartment building. She looked out of her window and saw the figure walking up the back fire escape. The fire escape was adequately illuminated, so she could identify the figure as that of the defendant. She saw the defendant's face leaning over and looking into a window on the second floor below her apartment. The witness occupied the apartment with her sister, who was then asleep, and she was frightened and horrified at the prospect of the stranger's intrusion on their privacy. She called the police, who later arrested the defendant at the rear of the apartment building.

This evidence was sufficient to sustain a finding of guilt. It is enough if the alleged offensive act is of such a character that it naturally tends to cause serious disquietude on the part of those in the vicinity where the act is likely to exercise its malignity. *State* v. *Van Allen*, 140 Conn. 586, 589.

The only assignment of error to which we can direct our attention is that having reference to the improper admission of evidence. The exhibit annexed to the assignment of errors, as required by §§ 989 (4) and 1006 (4) of the Practice Book, fails to contain a brief preliminary statement of the evidence which preceded the allegedly objectionable testimony in order to make the materiality or relevance of the questioned evidence understood. The witness, Hurd, testified to having seen the defendant before and that he strongly suspected him of having stolen a fishing rod belonging to the witness. He was custodian of an apartment building on the opposite side of the street from that at which the defendant was arrested. Hurd talked with the police in the presence of the defendant, whose car, parked nearby, was then searched and the fishing rod claimed by the defendant was found. The defendant was presented and tried on a charge of larceny in addition to the charge of breach of the peace and was acquitted of that charge. Therefore, consideration of so much of the testimony of Hurd as relates to the charge of larceny, the admission of which is assigned in error, becomes moot.

The testimony objected to and dealt with in the defendant's brief, when culled from the five pages of the exhibit, containing lengthy excerpts of questions, answers and colloquies, concerned only the matter of identification. The witness testified that in a heavy storm during the winter, while he was in a garage in the rear of 946 Asylum Avenue, he observed the

defendant standing on the stairs on a chair and looking in a window. Upon objection, the court admitted that testimony for the limited purpose of identification and immediately instructed the jury that the defendant was being tried only on the charges presented in the information and not for something which may have happened prior to that time. The defendant took no exception to this ruling, and that alone would be fatal to his sole claim of error. Practice Book §§ 989 (4), 1006 (4); Maltbie, Conn. App. Proc. § 147. Apart from the question of relevancy and materiality, the further assertion that this testimony was prejudicial is without merit. There is no claim that the court erred in its charge to the jury; therefore, we must assume that the charge was correct. "[A]n appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning." *Foote* v. *Brown,* 81 Conn. 218, 227.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.