MARJORIE COSTELLO *v.* MICHAEL J. COSTELLO

PETERS, PARSKEY, ARMENTANO, SHEA and DALY, Js.

Argued February 11—decision released April 27, 1982

*Joseph B. Clark,* for the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, was *Elizabeth A. Dorsey,* for the appellee (plaintiff).

ARMENTANO, J. This appeal questions whether a trial court, after having orally approved a settlement agreement of the parties, may modify or augment its terms in the dissolution decree.

After twenty-nine years of marriage the parties appeared before the trial court for the purpose of dissolving their marriage. They informed the

court that they had reached an oral agreement with respect to alimony, custody, visitation, child support and division of their jointly owned real property. The terms of their agreement follow. The marriage of the parties would be dissolved on the ground of irretrievable breakdown. The plaintiff would retain custody of their minor daughter; the defendant would pay $40 weekly to the plaintiff as child support; the defendant would maintain health insurance for the minor child; and the defendant would have rights of reasonable visitation away from the family residence. In addition, the defendant would cause an annuity to be made payable to their three children upon his death. With respect to property division, the plaintiff would retain title to all household personalty except the defendant's personal effects and the plaintiff could continue to reside in the family residence until their daughter reached her majority, a period of approximately eighteen months. When the child reached eighteen years of age the parties would sell the residential property and divide the proceeds equally. From his share of the proceeds, the defendant would pay the plaintiff $7500 as lump sum alimony. Finally, the defendant agreed to vacate the residence within two weeks after the hearing and to pay household expenses, including mortgage payments, until he vacated. The trial court orally approved this agreement in total, and stated that it would be incorporated in the decree.

Before the decree was filed, counsel for the parties and the trial court met informally in the trial court's chambers, at the request of counsel for the plaintiff, to determine who would be responsible for the payment of the mortgage and household expenses during the eighteen months after the

defendant vacated the family residence. At that meeting the court announced that it would require the defendant to pay the mortgage and taxes on the real property until it was sold. The following day the defendant filed a motion in arrest of judgment and/or for new trial on the ground that the court had modified its oral judgment of the prior week.

Subsequently the court filed its memorandum of decision in which it fully approved and specified the terms of the parties' oral agreement, except that it ordered that the defendant's annuity be made payable solely to the minor daughter. In addition to these terms the court ordered that the defendant be solely responsible for the payment of the mortgage principal and interest, town real property taxes, and the premium on the fire insurance on the property until the sale of the property. The court subsequently denied the defendant's motion for arrest of judgment and/or for a new trial.

In his appeal from the judgment dissolving the marriage the defendant claims that the court erred in modifying the settlement agreement by substituting the minor daughter for the three children as the beneficiaries of the defendant's annuity, and in adding to the agreement by ordering him to pay expenses on the residential property after he vacated until the sale of the property. Several months subsequent to the dissolution decree, on the plaintiff's motion, the court awarded her $1500 counsel fees to defend the appeal. No amendment to the appeal from the judgment was filed, but the defendant raised the issue of counsel fees in his brief.

After parties to a dissolution action "have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property" the court has an affirmative duty to ascertain whether the agreement is fair, equitable, and has been knowingly agreed upon. General Statutes § 46b-66; *Hayes* v. *Beresford,* 184 Conn. 558, 567–68, 440 A.2d 224 (1981); *Monroe* v. *Monroe,* 177 Conn. 173, 184, 413 A.2d 819 (1979). At the hearing during which the settlement agreement was submitted in the present case, both parties and their respective counsel were present. The trial court questioned the plaintiff about certain of the provisions and orally reviewed the entire agreement. At the end of the hearing the court announced that it approved the agreement in total and would incorporate its terms in the dissolution decree.

General Statutes § 46b-66 provides that "[i]f the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. If the court finds the agreement is not fair and equitable, it shall make such orders as to finances and custody as the circumstances require." The plaintiff contends that this language empowers the court to modify or augment provisions in an otherwise fair agreement provided that the resulting decree is fair and equitable. We do not agree.

It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity

to be heard in sufficient time to prepare their positions on the issues involved. E.g., *Hodge* v. *Hodge,* 178 Conn. 308, 315, 422 A.2d 280 (1979); *Winick* v. *Winick,* 153 Conn. 294, 298–99, 216 A.2d 185 (1965); see, e.g., General Statutes §§ 46b-9, 46b-81 (c), 46b-82; *Pressley* v. *Pressley,* 185 Conn. 180, 182, 440 A.2d 873 (1981); *Strohmeyer* v. *Strohmeyer,* 183 Conn. 353, 356, 439 A.2d 367 (1981). An agreement in which the parties intend to integrate their entire understanding must be either accepted or rejected as a whole by the court after adequate notice and a meaningful hearing. See Clark, Domestic Relations § 16.10. If the terms are found to be not fair and equitable, then the court may modify, reject or augment those terms as equity requires. General Statutes § 46b-66; see *North* v. *North,* 183 Conn. 35, 37, 438 A.2d 807 (1981). On the other hand, when a court has approved the provisions of a dissolution decree agreed upon by the parties, the court cannot modify or augment those provisions without following the requirements of due process. See 1 Nelson, Divorce and Annulment (2d Ed.) § 13.37; cf. *Strohmeyer* v. *Strohmeyer,* supra, 356; *Cocco* v. *Cocco,* 166 Conn. 37, 42–43, 347 A.2d 72 (1974).

The plaintiff concedes that the court erred in modifying the agreement by substituting the minor daughter as the sole beneficiary of the defendant's annuity. The plaintiff, however, distinguishes the additional order that the defendant pay household expenses after he vacated the house until the sale of the property because the provision was never considered by the parties while negotiating their settlement agreement. It is precisely because the parties never considered it upon fair notice and an opportunity to be heard that we must agree with the

defendant's claim of error. The trial court's informal meeting in chambers with counsel is clearly insufficient to meet the requirements of due process. The record would not support a conclusion that the parties intended their agreement to constitute less than a total integration of their settlement terms. Having approved the agreement both orally and in its written memorandum of decision, after notice and a hearing, the trial court was bound by its terms in rendering the judgment dissolving the marriage. Accordingly, the judgment should be modified (1) to order the defendant to pay principal and interest on the mortgage and other household expenses, only until he vacates the premises; and (2) to substitute the three children of the parties for the minor daughter as the beneficiaries of the defendant's annuity.

The defendant's claim of error with respect to the award of counsel fees is not properly before us. Practice Book § 3062 directs an appellant desiring review by this court of a ruling subsequent to the filing of an appeal to amend his appeal within twenty days after the issuance of notice of the ruling. See Maltbie, Conn. App. Proc. § 180. The rule of practice further permits the appellant to amend his preliminary statement of issues to present claims of error of law arising out of that post-judgment ruling.[1] As the plaintiff asserts in her brief, this court need not consider the defendant's

---

[1] Practice Book § 3062 provides in full: "Should the trial court, subsequent to the filing of the appeal, make a ruling which the appellant desires to have reviewed by the supreme court, the appellant shall amend his appeal, filing notice thereof with the chief clerk of the supreme court within twenty days from the issuance of notice of the ruling. The appellant may file an amendment to his preliminary statements of issues to present any claimed errors of law arising out of such a ruling at the time he files the notice."

claim of error because he failed to comply with any of the provisions of Practice Book § 3062. Cf. *Presutti* v. *Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980); *State* v. *Van Allen,* 140 Conn. 586, 590, 102 A.2d 526 (1954) (applying Practice Book, 1951, § 403, the original precursor of § 3062).

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.

In this opinion the other judges concurred.