[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR ADVICE (#120); PLAINTIFF'S MOTION FOR CONTEMPT (#116); PLAINTIFF'S MOTION FOR ORDER (#113); AND DEFENDANT'S MOTION FOR CONTEMPT
A decree of dissolution of the marriage was entered on April 3, 1987. An agreement dated April 3, 1987 was found to be fair and equitable by the court and it was ordered incorporated by reference into the decree.
At that time the parties owned a home located at Brown Brook Road, Southbury, Connecticut. They agreed that the plaintiff could continue to live in the home until it was sold. Timing of the sale depended on whether the "minor child" attended college, and on whether he "stays back for a year in high school". Paragraph III.2 of Article III of the agreement details the terms of sale and the disposition of the proceeds. The home was sold and conveyed on August 31, 1990 and, after payment of the first and second mortgages, broker's commission, closing costs and conveyance taxes, there remained $72,726.20 which was placed in escrow with plaintiff's law firm, (Plaintiff's Exhibit C). The plaintiff's motion for advice seeks the advice of the court with respect to the distribution of the remaining proceeds.
The minor child Jeffrey was born on March 23, 1971 and turned 18 years of age on March 23, 1989.
The agreement was designed to provide plaintiff with cash flow from alimony and child support payments by defendant to enable her to pay the first mortgage and second mortgage monthly CT Page 5471 installments. Because Jeffrey left the local high school in October, 1988 to join his father in Maryland, the defendant now seeks reimbursement for 48 weeks of child support paid after Jeffrey left plaintiff's home. Because Jeffrey subsequently returned to plaintiff's home in May, 1989, and then re-entered high school as a senior the following fall, plaintiff is claiming an additional year's child support, citing Article V which extends the child support an additional year if Jeffrey "stays back one year in high school". In construing the clause "stays back one year in high school", the court finds that it contains two elements. First, the student was unable, in the teacher's opinion, to successfully complete his courses, received less than passing grades, did not advance to the next grade and in order to repeat the courses, stayed back. The second element is to remain "in school". All words are to be given meaning, if possible, in arriving at a meaning that makes sense, Kulis v. Moll, 172 Conn. 104. In the present case Jeffrey did not "stay back" because he failed his course examinations (i.e. flunked). Nor did he remain in school. He voluntarily left school on his 18th birthday. By this act he was no longer "in school". Nor was he obligated to return to school. By voluntarily returning to school the following fall for a short period, he did not satisfy the requirement that he "stay back in school". Therefore, the plaintiff's claim for an additional year of child support is denied.
The defendant's claim that he overpaid child support is denied. His payments were made in compliance with the terms of the judgment. If he felt relief was in order, he should have sought a modification in October, 1988. Further, as defendant admitted, he continued the child support payments after October, 1988 in order to furnish plaintiff with sufficient funds to meet the mortgage installments, Goold v. Goold, 11 Conn. App. 268.
The defendant claims reimbursement for college expenses paid on behalf of the older son, Glenn, based on the following language in Article III, paragraph III.2:
 . . . the re-payment of any loans or allowances made by the husband for the payment of the parties' oldest son's (Glenn Abbotts, Jr.) years at the University of Connecticut;. . .
The defendant is claiming reimbursement for payments made to U Conn for periods prior to April 3, 1987, claiming "years at the University" was intended to include all years that Glenn spent at U Conn, beginning with a charge made on Glenn's account on April 24, 1985 for Fall, 1985 of $150.00, (Defendant's Exhibit #1). His payments made prior to April 3, 1987 were known at that time. Although no claim was made by defendant at that time, a reasonable CT Page 5472 interpretation of the language that "any loans or advances" for the older son's "years at the University" is not limited to future advances. If the agreement was intended to limit reimbursement to future payments only, it should have said so. It does not, Cocco v. Cocco, 166 Conn. 37, at 40-41 and the court finds that the defendant is entitled to recovery for his payments to U Conn for the older son's college education, less the payments the son made to his father totaling $1,600.
Defendant's Exhibit #1 lists the following payments which are admitted to be payments by the defendant to U Conn, beginning with the Fall 1985 term and ending with the Spring 1989 term:
 4/24/85 . . . . . . . . . . $ 150.00 7/18/85 . . . . . . . . . . 2,061.50 12/16/85 . . . . . . . . . 2,063.50 4/2/86 . . . . . . . . . . 140.00 5/14/86 . . . . . . . . . . 55.24 7/18/86 . . . . . . . . . . 2,100.93 12/17/86 . . . . . . . . . 2,239.50 4/1/87 . . . . . . . . . . 140.00 7/30/87 . . . . . . . . . . 2,262.50 12/15/87 . . . . . . . . . 2,349.50 3/31/88 . . . . . . . . . . 140.00 7/29/88 . . . . . . . . . . 2,404.50 1/19/89 . . . . . . . . . . 2,544.50 Sub Total . . . . . . . . $18,651.57
 Less: Payments made to defendant by his son . . 1,600.00
 Total of defendant's U Conn advances . . . . . $17,051.67 ==========
The plaintiff paid $2,349.50 to U Conn from her credit line, for which defendant repaid $1,950.00. The court finds the plaintiff is entitled to be repaid $399.50. The plaintiff's claim for interest thereon is denied. The plaintiff also borrowed $1,000 from her mother for Glenn's last semester of college. However, the plaintiff admitted that the defendant is not obligated to pay the older son's fifth year of undergraduate study i.e. the Fall 1989-Spring 1990 year. Therefore, the plaintiff's claim of $1,000 and any payments to U Conn by the defendant beginning with the deposit paid for the Fall, 1989 term of $140 are not obligatory and are not required by the judgment.
The court also allows the defendant recovery of $300 paid in June, 1990 to the mortgagee bank. This is not contested by the plaintiff. CT Page 5473
The plaintiff claims the first three installments of alimony were never paid to her. The defendant claims payments for her benefit but without any agreement with plaintiff to do so. Such action is an attempt to vary the alimony order. The plaintiff is entitled to spend her alimony payments, not have them spent for her by the payor, Rempt v. Rempt, 5 Conn. App. 85, 89. The plaintiff is entitled to be paid $561 for the first three weeks of alimony ordered to be paid to her.
The defendant also claims that the plaintiff should be solely responsible for the late fees and attorney's fees incurred when the mortgage payments fell behind. Although the court has searched the judgment and agreement incorporated by reference for such an assumption provision, none is found. After the defendant stopped paying child support, an eventual default in the mortgage could reasonably have been anticipated. The defendant's $300 payment in June, 1990 was to pacify the mortgagee bank. The court declines to assign the $2,362.31 collected by the first mortgagee exceeding the $21,935.52 principal to the plaintiff. Each party shall bear such additional charges equally.
Both parties claimed other miscellaneous adjustments all of which the court finds unproven.
The court will proceed to calculate the distribution of the proceeds in the following manner:
 Sales price . . . . . . . . . . $180,000.00 Less: closing expenses . . . . 13,403.30 . . . . $166,596.70
 Less: first mortgage . . . . . 24,297.83 . . . . . $142,298.87
 Less: defendant's net payments to U Conn for son Glenn . . . . . . . . . 17,051.57 . . . . . . . . . $125,247.20
 Plaintiff's share of 50/50 split . . . . . . . . . . $62,623.60
 Less: 2nd mortgage share . . . 12,500.00 . . . $51,298.35
Adjustments:
 Add: U Conn advance . . . . . . + 399.50 . . . . . . $50,523.10
 Add: 3 alimony pmts. . . . . . + 561.00 . . . . . $51,084.10
 Less: June, 1990 payment by defendant to mortgagee . . . . . . . . . $300.00
CT Page 5474
Due plaintiff . . . . . . . . . $50,784.10
 Defendant's share of 50/50 split . . . . . . . . . . $62,623.60
 Less: balance of 2nd mortgage . . . . . . . . . . . 57,072.67 . . . . . . . . . . . $5,550.93
 Add: defendant's net payments to U Conn for son Glenn . . . . . . . . . + 17,051.67 . . . . . . . . . $22,602.60
 Less: Plaintiff's U Conn Advance . . . . . . . . $399.50 . . . . . . . . $22,203.10
 Less: 3 alimony pmts. . . . . . $561.00 . . . . . $21,642.10
 Add: June 1990 payment by defendant . . . . . + 300.00
Due Defendant . . . . . . . . . $21,942.10
The plaintiff's motion for advice is granted in accord with this decision. The remaining motions are all denied.
HARRIGAN, J.