[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parents of Addison who was seventeen years old on CT Page 3587 January 27, 1992 have petitioned under Gen. Stat. 46b-150 et. seq. that the court determine that their son be emancipated. The statutory grounds alleged are 46b-150b (3) and (4). The petition is denied.
 I
Addison's problems go back to 1984 when he was diagnosed as having an Adjustment Disorder. He became an out-patient at Wheeler Clinic in April 1984. After thirty four individual and family sessions, the family was satisfied so Addison was discharged in August 1985 as greatly improved.
In April 1990 Addison was referred to court as a child from a family with service needs (runaway). 46b-120; 46b-149. He was so adjudicated and placed on standard supervision plus counselling on June 7, 1990. There were some difficulties but the supervision expired in four months.
The emancipation petition was filed on October 23, 1991. Pursuant to 46b-150a, the court requested that the Court Services Officer (CSO) investigate the allegations and file a report with the court. Addison failed to appear for the CSO interview. The filed report recommended the petition be granted if Addison failed to demonstrate an attitudinal change within ninety days. On January 8, 1992 the matter was continued for ninety days on conditions: 1) Addison initiate and continue counselling, 2) Addison to attend school, 3) family therapy upon advice of Addison's therapist, 4) Addison to give twenty-four hours notice of house visit which would be in accordance with the reasonable rules of the house.
Conditions one and three were not implemented. Not unexpectedly, the parties dispute the cause. Addison consulted the therapist once. Addison claims the therapist suggested immediate family therapy and the family refused. The family counters that when their son requested the family to join therapy, he was asked to have the therapist call. Addison failed to advise the therapist to call and when the father himself called he was informed that while family therapy was necessary to understand problems Addison could continue in individual therapy first. This confusion only reflects the dysfunction of the family. The therapist, although so requested, failed to notify Addison's attorney of the counseling breakdown.
Condition two was satisfied. School went well: no CT Page 3588 trouble and good marks. Addison brought the report card home for inspection by his father. But home visits were still contentious, distasteful to everyone.
 II
At the end of the hearing, Addison wearily acquiesced to the petition. Whether that assent would accomplish common law emancipation is not the issue in this statutory proceeding. Atwood v. Holcomb, 39 Conn. 270 (1872). Under general common law, emancipation is primarily the act or omission of the parent so that the intent of the parent generally governs. Emancipation must be proven, not presumed. 59 Am.Jur.2d, Parent and Child, Emancipation, 93 and 98.
Emancipation is not a law suit in which we just leave the litigants to battle it out or agree. A minor child is a ward of the state so the court has inherent equitable powers and employs the force of the state as parens patriae to protect its ward. McGaffin v. Roberts, 193 Conn. 393, 404,479 A.2d 176 (1984). Cf. Costello v. Costello, 186 Conn. 773,443 A.2d 1282 (1982); Hayes v. Beresford, 184 Conn. 558, 440 A.2d 224
(1981).
Addison lives with friends. He has no income. The court cannot find that this minor willingly lives separate and apart from his parents or that he is managing his own financial affairs. 46b-150b(3).
Nor can the court find that there is good cause shown that it is the best interest of any member of this family to declare Addison emancipated. 46b-150b(4); Brenneman, Juvenile Law: Highlights of 1980, 55 Conn. B.J. 82, 86-87 (1981). The family members are certainly in pain. Addison's behavior can be complicated by his intermediate status of boy/man; the adults have not been able to pacify the family battle. The minor is not yet in control, for good or bad, of his destiny. To legally cut him free from his family will not remove the sources of family frustration.
The court has the deciding vote. The petition for emancipation is denied.
The court urges that the parties consider an uncared for petition under 46b-120 and 46b-129. The present situation should not continue and that petition would allow the intervention of the state to advance support and monitor counselling leading to a possible family reconciliation.
SAMUEL S. GOLDSTEIN, Judge CT Page 3589