[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR CONTEMPT
PROCEDURAL HISTORY
On September 4, 1998, the court entered a judgment of dissolution in the above action. In October 2001 the defendant, Denise Dougherty, brought a motion for contempt, the motion currently before the court, alleging that the plaintiff, Brian Dougherty, has failed to pay the defendant sums due from the sale of the business formerly known as Ya-El Imports, Inc. ("Ya-El") as provided in paragraph 7.1 of the Separation Agreement (the "Separation Agreement") which was incorporated by reference into the judgment of dissolution.
Paragraph 7.1 of the Separation Agreement reads in pertinent part as follows:
 "Each party owns twenty-five percent of a business known as Ya-El Imports. It is the parties' intent, with the consent of the remaining stockholders, to place said business on the market for sale. . . . Upon the anticipated sale . . . the debt to Helen Heck in the approximate amount of twenty thousand ($20,000) dollars shall be paid off from the proceeds of the sale, and any profit or loss realized from the sale of the parties' interest in said business shall be shared equally between the parties." (Emphasis added)
FINDING OF FACTS
Based on the credibility of the witnesses and the evidence presented to the court, the following facts are found. CT Page 6512
The sale of Ya-El to Bowman Imports ("Bowman") (the "sale") was completed on August 3, 1999. Bowman paid $232,806 for the assets (other than the accounts receivable). Bowman paid $90,000 in cash at the closing and $142,806 by way of promissory note (the "note"). On the date of the sale Ya-El retained ownership of accounts receivable in the amount of $41,804.21.
Ya-El paid $85,019.35 from the sale proceeds to certain creditors. No payment was made to Heck from the sale proceeds.
On July 29, 1999 both the defendant and the plaintiff received a payment from Ya-El in the amount of $3,000, the payments represented proceeds from the sale.
The defendant paid her $3,000 payment over to Heck in partial satisfaction of the obligation set out in 7.1 of the Separation Agreement. The plaintiff has made no payment to Heck from the $3,000.
On or about August 18, 1999, Ya-El changed its name to L.M.C. Imports, Inc. ("LMC"). The amount of accounts receivable collected from the date of the sale to the date of the filing of the motion for contempt is $40,679.96.
The payments received from Bowman on the note through January 2002 total $37,260.97.
The payments to the plaintiff from Ya-El and LMC since the date of the sale through January 2002 total $11,688.31 as follows:
DATE AMOUNT
— 7/29/99 $3,000.00
— 8/2/99 $1,500.00
— 9/28/99 $2,775.31
— 12/29/00 $2,000.00
— 5/7/01 $2,413.00
The payments to the plaintiff of 7/29/99, 9/28/99 and 5/7/01 in the amounts of $3,000.00, $2,775.31 and $2,413.00, which payments total $8,188.31, represent proceeds from the sale. The payment to the defendant from Ya-El and LMC since the date of the sale through January 2002 total $3,000.00 as follows: CT Page 6513
DATE AMOUNT
— 7/29/99 $3,000.00
The payment to the defendant of 7/29/99 in the amount of $3,000.00 represents proceeds from the sale.
DISCUSSION
The proceeding before the court is one for contempt. The only parties before the court now and in the original dissolution proceedings are the plaintiff and the defendant. The other shareholders of Ya-El and LMC (collectively the "other parties") are not parties to these contempt proceedings nor were they parties to the original dissolution action.
"It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." (Citation omitted) Costello v. Costello, 186 Conn. 773,776-77, 443 A.2d 1282 (1982) The defendant here argues that the court may issue a turnover order against third parties as necessary to enforce an unsatisfied judgment under General Statutes § 52-356b (b) which reads in pertinent part that "(b) The court may issue a turnover order pursuant to this section, after notice and hearing . . . on a showing of need for the order. If the order is to be directed against a third person, such person shall be notified of his right pursuant to section 52-356c to a determination of any interest claimed in the property." (Emphasis added)
There is no application for a turnover before the court, therefore the court will not consider this claim by the defendant.
The defendant further argues that the court by way of its equitable powers has the authority to issue orders directed to third parties. The defendant cites no authority for this proposition. The authorities cited by the defendant do not relate to equitable orders to third parties, the cited cases deal with orders directed at the parties before the court.
Therefore the court declines to issue any orders directed to any other party not before the court.
FINDINGS AND ORDERS
 1. The Court finds that the plaintiff Brian Dougherty is in contempt because he has failed to pay over CT Page 6514 proceeds from the sale of Ya-El to Heck as set forth in Article 7.1 of the Separation Agreement. The payment to Heck was to be made out of the "proceeds of the sale" unrelated to any "profit or loss realized from the sale".
 2. The court orders that the plaintiff, Brian Dougherty pay over to Heck the sum of $8,188.31 by July 15, 2002 which sum represents proceeds of the sale from Ya-El.
 3. The court orders that the plaintiff, Brian Dougherty, pay the sum of $2,000 toward the defendant's attorneys fees by July 15, 2002.
So ordered
_______________ Cremins, J.