[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR EMANCIPATION
On September 24, 2002, the above listed minor, Katie S., aged sixteen years, petitioned this court to emancipate her. Her petition for emancipation was based on CGS Secs. 46b-150b (3) and (4). Counsel was appointed to represent Katie.
The petitioning minor, who attended the hearing with her infant daughter, her parents and her boyfriend/father of her daughter, indicated that she wishes to be emancipated because of her own motherhood, her desire to be married and her need to obtain housing.
The petitioner's mother indicated that she was in favor of her daughter's decision to be emancipated. The petitioner's father indicated that he was vehemently opposed to his daughter's petition for emancipation.
At the request of the court on November 6, 2002, the Department of Children and Families (DCF) prepared a report concerning the petition for emancipation. The report indicates that the petitioner is living with her boyfriend and her daughter in her boyfriend's parents' home. This young couple, who are both employed, do not contribute financially to the upkeep of the house
The petitioner described her relationship with her mother as loving and supportive. Both mother and petitioner described the petitioner's relationship with her father as not being a good one, and that the father was unsupportive of the petitioner. The father denied this, indicating that he has helped out his daughter in the past. He indicated to DCF, as he did in court, that the petitioner lived with him in the past but moved out because she refused to comply with the father's rules of the home.
The father told DCF and the court that he believed that the petitioner was too irresponsible to be emancipated. CT Page 15334-am
The petitioner and her paramour are both high school dropouts, a fact that the father based no small amount of his objection on. Although the petitioner claimed to DCF that she planned on obtaining her GED in January and enrolling on college next year, her representations at the hearing were far less certain. At the hearing, she indicated that she could not go to school and be a mother and work at the same time.
DCF's report concluded that they supported the petition for emancipation, provided that the petitioner's living situation and stated plan remain the same.
The situation presented here is disturbing and disheartening, yet all too common in our turbulent society. Here, we have a teenage mother upon whom great responsibilities has been thrust, attempting to make her way and that of her daughter in the world as an adult without the minimum maturity, education and experience that said responsibilities require.
Although appears to be uncontroverted that the petitioner willingly lives separate and apart from her parents, with or without the consent of her parents, there was a dearth of evidence relating to her ability to manage her own financial affairs. Although the DCF report indicates that she is working at an area grocery store, it also relates that she pays for neither room nor board.
The court found that, although there was obvious hostility on the father's part that did not aid the situation, nevertheless, his objections were based upon valid concerns. The petitioner's plans for the future appear to be shallow and ill-conceived. The financial prospects of a high school dropout are not good; yet the petitioner, having been confronted by the realities of teenage motherhood, has forsaken completing her education, despite indicating to DCF that she would. This appears to bear out the father's concern that the petitioner has a. history of not completing the things that she starts.
The court has sincere doubts as to whether this petitioner could function responsibly as an emancipated youth and make the necessary decision an appropriate manner without the mature assistance and guidance of a parent. Despite the petitioner's own motherhood, she is but a youth herself. In In Re Addison A., 1992 Ct. Sup. 3586, ___ CSCR ___ (1992), Judge Goldstein wrote the following:
 Emancipation is not a law suit in which we just leave the litigants to battle it out or agree. A minor child is a ward of the state so the court has inherent CT Page 15334-an equitable powers and employs the force of the state as parens patriae to protect its ward. McGaffin v. Roberts, 193 Conn. 393, 404, 479 A.2d 176 (1984). Cf. Costello v. Costello, 186 Conn. 773, 443 A.2d 1282
(1982); Hayes v. Beresford, 184 Conn. 558, 440 A.2d 224
(1981).
Accordingly, the court finds that the petitioner failed to meet the burden of a good cause showing that it would be in the best interest of the minor petitioner Katie S. to emancipate her.
For all of the aforementioned reasons, the petition for emancipation is hereby DENIED.
 ___________________ Taylor, J.
CT Page 15334-ao