LOUISE BAILEY KRONHOLM *v.* CONRAD JOHN KRONHOLM
(5823)
(6167)

STOUGHTON, NORCOTT and FOTI, Js.

Argued May 19—decision released September 13, 1988

*Bruce Louden,* with whom were *Carol S. Widing* and *Gerald A. Roisman,* for the appellant-appellee (plaintiff).

*Richard P. Weinstein,* with whom, on the brief, was *Miriam L. Lifshitz,* for the appellee-appellant (defendant).

STOUGHTON, J. Both parties have appealed from post-judgment orders arising out of the financial orders made as a part of the judgment dissolving their marriage. We find error in part.

The issues presented in the plaintiff's appeal are whether the trial court erred (1) in interpreting the parties' separation agreement as providing that the $190,000 lump sum alimony payment should go into a trust for the benefit of the parties' children, rather than to the plaintiff outright, and (2) in finding that the terms of that agreement were not reasonably open to more than one interpretation, thus refusing to allow the presentation of extrinsic evidence and sustaining the defendant's objection to an evidentiary hearing. The issues presented in the defendant's appeal are whether the trial court erred (1) in denying the defendant's

motion for a stay of proceedings and "application for first order of notice" to the parties' children, where the defendant asserts that the children are indispensable parties to the litigation, and (2) in allowing the plaintiff ninety days after receipt of the lump sum alimony payment to establish a trust and in allowing the plaintiff earned income from the trust, where the defendant argues that such rulings were contrary to the parties' agreement. With respect to this last claim, the plaintiff has cross appealed and argues that the trial court erred in failing to award the plaintiff interest that had accrued since August 30, 1985, the due date under the terms of the parties' agreement.

The following facts are relevant to this appeal. On August 30, 1977, the marriage of the parties was dissolved. By a lengthy stipulation which was incorporated into the judgment, they agreed on custody and support for the four minor children of the marriage. Paragraph 3 begins: "As lump sum alimony, and in lieu of all other claims of alimony, the husband shall pay . . . . " Subparagraph (a) provided for payment of $25,000 within thirty days; subparagraph (b) provided for payment of $50,000 four years after the entry of the decree; and subparagraph (c) provided for payment of $190,000 eight years after the entry of the decree. Subparagraph 3 (*l*) is as follows: "In the event the wife shall die prior to the completion of the lump sum payments called for in paragraphs 3 (b) and 3 (c), the unpaid balance of said payments shall be made by the husband to the surviving children of the parties, or in the event any of said children shall be then deceased leaving issue such child surviving, such issue shall take in equal shares, per stirpes, the share which the child who shall be then dead would have taken if said child had survived. The estate of the wife shall have no claim for any of said unpaid amounts. Wife agrees that she shall establish a trust for the benefit of the children of the parties, or the issue

of any deceased children as above set forth, and that the amounts received by her on account of the obligations of the husband under 3 (b) and 3 (c) above shall be forthwith deposited with the trustee and added to and made a part of the principal of said trust fund."

The record discloses that on October 2, 1981, four years after entry of the decree, the judgment was modified according to a trust agreement presented on that date. The trust was funded by a promissory note executed by the defendant on August 30, 1981, in the amount of $50,000 with interest at 15 percent per year to be paid in forty-eight equal installments. The judgment was opened and modified on January 7, 1982, by a stipulation dated December 28, 1981, which was accepted by the court. By this stipulation, the parties agreed to modify the method of payment of the $50,000 due "as lump sum alimony" by August 30, 1981, as follows: $10,000 on December 30, 1981; $15,000 by way of additional periodic alimony in forty-eight monthly installments; and $25,000 by way of a portion of the husband's interest in land in Florida equal in value to $25,000 which was to be placed in trust by the husband for the benefit of the parties' children. As a part of the stipulation, the parties agreed that "[t]he trust referred to in Paragraph 3 (*l*) of the Judgment entered on August 30, 1977, is hereby modified only insofar as the Fifty Thousand Dollars ($50,000.00) lump sum payment called for in paragraph 3 (b), and in its place Conrad John Kronholm shall establish a trust for the parties' children which trust shall contain a portion of Conrad John Kronholm's interest in the Florida land equal in value to Twenty-five Thousand Dollars ($25,000.00)."

The plaintiff caused to be served upon the defendant a citation for contempt in which she alleged that the defendant had not paid to her the sum of $190,000 which she alleged was due on or before August 30, 1985. Subsequently, the trial court rendered its eviden-

tiary ruling on the plaintiff's citation for contempt in which it analyzed paragraph 3 (*l*) of the original stipulation. The court concluded that a reading of the entire agreement did not disclose any ambiguity or language reasonably subject to different interpretations. It pointed to the explicit language of paragraph 3 (*l*) that the "[w]ife agrees that she shall establish a trust . . . and that the amounts received by her . . . under 3 (b) and 3 (c) above shall be forthwith deposited with the trustee . . . . " It concluded that the language of paragraph 3 (*l*) was devoid of ambiguity and that the payments under 3 (b) and 3 (c) were to be made to the plaintiff and forthwith placed in trust for the benefit of the children. It sustained an objection by the defendant to a request for an evidentiary hearing and requested counsel for the parties to confer with the clerk regarding scheduling of the contempt motion.

Thereafter, the plaintiff filed a motion for compliance or, in the alternative, for clarification through an evidentiary hearing. She asserted that pursuant to paragraph 3 of the stipulation, the defendant was ordered to make a lump sum payment of $190,000 to the plaintiff by August 30, 1985, and that the last sentence of subparagraph 3 (*l*) provided that the $190,000 was to be deposited in a trust. She asserted further that numerous other provisions in the judgment make the meaning and intent of the $190,000 lump sum provision potentially ambiguous. She therefore sought an order either that she was entitled to the $190,000 lump sum amount free of any trust or that an evidentiary hearing be held for the purpose of clarifying the provision for payment of the $190,000 and its relationship to the trust provided for in 3 (*l*). This motion was denied.

On January 29, 1987, the trial court issued its order on the citation for contempt. It found that the stipulation of the parties had been incorporated by reference

into the judgment of dissolution; that under section 3 (c) the defendant was ordered to pay to the plaintiff the sum of $190,000, which payment became due on August 30, 1985, and had not been paid; that under section 3 (*l*) the plaintiff agreed to the establishment of a trust for the benefit of the children; and that the amount received by her under section 3 (c) would be deposited with the trustee and added to the trust fund. It further found that the defendant had not wilfully failed to comply with the 3 (c) provision of the agreement as incorporated in the judgment in view of the legal issues raised relating to the terms of the agreement. The court concluded that the defendant was not in contempt and made certain orders which both parties challenge on appeal.[1]

The defendant moved the trial court to revise or clarify its order by requiring the plaintiff to establish the inter vivos trust prior to payment of the $190,000, and

---

[1] The trial court's complete orders were as follows: "(a) that the defendant pay to the plaintiff One Hundred Ninety Thousand ($190,000) Dollars on or before May 1, 1987; the said sum shall be held in trust by the plaintiff for the benefit of the parties' children, or the issue of any deceased children, and not to be available to creditors of the plaintiff; that the plaintiff shall be entitled to the income earned on said principal sum; all of the aforesaid, pending compliance with paragraph (b) hereof;

"(b) that within ninety (90) days of receipt of said payment, plaintiff shall deposit said principal sum of One Hundred Ninety Thousand ($190,000) Dollars with the trustee(s) of an *inter vivos* trust established by plaintiff for the benefit of the children of the parties and the issue of any child (or children) now deceased, or who in the future may become deceased;

"(c) that within sixty (60) days of receipt of said payment, the plaintiff shall provide the defendant with a copy of the trust instrument establishing said *inter vivos* trust for the benefit of the parties' children and any issue of present, or future, deceased children;

"(d) that said trust instrument shall specify any terms regarding the payment of income from said principal sum and/or any terms regarding invasion of principal; and

"(e) that defendant shall pay to plaintiff statutory interest on said principal sum of $190,000 from the date of the filing of this ORDER to the date of payment to the plaintiff."

to require the monies to be paid directly to the trust. He also moved for a stay of the time limitations set forth in the order to provide formal notice to the children as the real parties in interest. The plaintiff filed a motion to reconsider, claiming that statutory interest on the $190,000 should be awarded to whomever was found to be entitled to it. Both motions were denied.

We first address the plaintiff's claim that she was entitled either to the $190,000 payment of lump sum alimony free of trust when it was due, or in the alternative to an evidentiary hearing to clarify ambiguities in the agreement between the parties. We agree with the plaintiff insofar as there are ambiguities which must be resolved in an evidentiary hearing prior to determining whether she receives the $190,000 payment of lump sum alimony free of trust.

The stipulation, which was incorporated into the judgment, was a contract between the parties. *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 650, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). Where rights, duties and obligations are fully stated in a written contract between the parties, the court is obligated to determine the intention of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. *On Site Energy Corporation* v. *Sperry Rand Corporation,* 5 Conn. App. 326, 330, 498 A.2d 121 (1985). When the intention conveyed is clear and unambiguous, there is no room for construction. *Southern New England Contracting Co.* v. *Norwich Roman Catholic Diocesan Corporation,* 175 Conn. 197, 199, 397 A.2d 108 (1978). In determining the intent of the parties, the contract is to be taken as a whole and all of its relevant provisions considered

in connection with each other; *Cocco* v. *Cocco,* 166 Conn. 37, 41, 347 A.2d 72 (1974); and a judgment based upon the language of an agreement must be read as a whole. Id. While it is fundamental that the terms of a written contract which is intended by the parties to set forth their entire agreement may not be varied by parol evidence, it is equally fundamental that when the words used in the contract are uncertain or ambiguous, parol evidence of conversations between the parties or other circumstances antedating the contract may be used as an aid in the determination of the intent of the parties which was expressed by the written words. *Maier* v. *Arsenault,* 140 Conn. 364, 368, 100 A.2d 403 (1953). Extrinsic evidence is admissible to assist the court in resolving the question of intent where the terms of a contract are either latently or patently ambiguous. *Cody* v. *Remington Electric Shavers,* 179 Conn. 494, 500, 427 A.2d 810 (1980).

Reading the stipulation, which was incorporated into the judgment as a whole, we find that the meaning of the words used in paragraph 3 (*l*) is unclear and ambiguous. The stipulation was divided into numbered paragraphs each of which dealt with matters of potential dispute between the parties. The first paragraph dealt with custody and visitation, the second with child support and the third with alimony. The third paragraph, which was divided into twelve lettered subparagraphs, begins with the words: "As lump sum alimony, and in lieu of all other claims of alimony, the husband shall pay to the wife . . . . " Paragraph 3 (a), 3 (b), 3 (c) and 3 (d) provided for the amounts and the manner of various payments to be made to the plaintiff. The first sentence of paragraph 3 (*l*) provides for payment of the amounts called for in paragraphs 3 (b) and 3 (c) to the children or their issue in the event that the plaintiff should have died before the payments had been made. The second sentence provides that the estate of the

plaintiff should have no claim for unpaid amounts. The third sentence provides for a trust for the benefit of the children or their issue to be established by the plaintiff into which the payments "received by her" under paragraphs 3 (b) and 3 (c) "shall be forthwith deposited."

Standing alone, the meaning of the third sentence of paragraph 3 (*l*) seems clearly to require that the plaintiff establish a trust into which is to be deposited the payments to her made under paragraphs 3 (b) and 3 (c). The meaning is rendered unclear because, at the outset, paragraph 3 describes "lump sum alimony," and because paragraph 3 (*l*) seems to describe what is to happen to the payments made under paragraphs 3 (b) and 3 (c) "[i]n the event the wife shall die prior to the completion of the lump sum payments called for . . . ." Accordingly, the case must be remanded to the trial court so that an evidentiary hearing may be held and the intention of the parties determined.

The record is sufficient to review other claims made by the parties which will be relevant to any subsequent proceedings in the trial court. The children have now reached majority. We find no error in the denial by the trial court of the defendant's motion for a stay of proceedings and application for first order of notice to the children. The application for first order of notice was made *after* the proceedings had occurred. We may safely assume that the children are aware of the proceedings and that they will apply to be made parties if they wish to do so. See General Statutes § 52-107. There are practical reasons why they may not wish to be forced to take sides in this dispute between their parents.

The plaintiff had requested that the defendant be ordered to pay interest on the $190,000 from August 30,

1985, the date upon which the sum became due. The trial court found that the defendant had not wilfully failed to comply in view of the legal issues raised relating to the terms of the agreement. It ordered that the defendant pay statutory interest from the date of its order, which was January 29, 1987. There is no statutory prohibition against awarding interest on a judgment in domestic relations cases. *LaBow* v. *LaBow,* 13 Conn. App. 330, 353, 537 A.2d 157 (1988). The defendant has represented his readiness to pay the money to its proper recipient. There has never been any question about whether the money was due on August 30, 1985, but only as to whom or to what entity it should be paid. Under those circumstances, the court need not inquire into the wrongfulness of the detention of the money. When it has been determined where the money is to go, it should be paid with statutory interest from August 30, 1985. This will not deprive the defendant of any interest to which he was entitled and it will give the intended recipient the full benefit of that to which she or it was entitled.

There is error in part on the plaintiff's appeal and cross appeal, the judgment denying the plaintiff's motion for an evidentiary hearing and the order directing the plaintiff to hold the sums received by her from the defendant in trust are set aside and the matter is remanded for further proceedings consistent with this opinion. There is no error on the defendant's appeal.

In this opinion the other judges concurred.