[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CONTEMPT CT Page 6985 (DOCKET ENTRIES 121 AND 124)
Each of the parties has filed a motion for contempt claiming that the terms of the judgment entered on February 25, 1992 (Karazin, J.) have not been complied with. The plaintiff's motion was filed August 24, 1992 and claims that the defendant failed to divide the bank accounts totalling $91,490.00 as provided by paragraph 10 of the judgment, failed to execute a quitclaim deed as provided by paragraph 20 of the judgment, failed to sign the required form concerning the use of the Aruba time share as provided by paragraph 4 of the judgment and failed to divide the personal property as provided by paragraph 29 of the judgment. The defendant's motion was filed April 16, 1993 and claims that the plaintiff has failed to transfer from his IRA account to the IRA account of the defendant the sum of $60,000.00 and claims interest on this sum from September 3, 1992 and interest on the whole amount of $281,530.00 from the date of judgment to September 3, 1992. The defendant also claims that the plaintiff has failed to sell the automobile as provided in paragraph 13 of the judgment and divide the proceeds, failed to pay the defendant one half of the mutual fund as provided in paragraph 19 of the judgment, failed to remove personal property as provided by paragraphs 5, 6, 9 and 10 of the parties' agreement and failed to disclose his income for 1992 and pay 35 per cent of his net after tax income as provided by paragraph 24.
The plaintiff requests that the defendant be adjudged in contempt, be ordered and required to comply with the court orders and pay court costs and counsel fees. The defendant requests that the plaintiff be found in contempt, be ordered and required to comply with the court orders and pay interest at ten (10%) per cent as well as a division of any increase of said property as the result of the plaintiff's retention thereof together with court costs and attorney's fees.
Following Judge Karazin's decision, a motion to reargue and open and modify the judgment was filed. This was heard and decided by the court on April 3, 1992. Subsequently, another notion to open and modify the judgment was filed and heard by Judge Karazin on May 20, 1992. Until both of these motions had been heard and decided, the judgment of February 25, 1992 could not have been executed upon. In any event, the CT Page 6986 parties by counsel had a letter agreement dated May 27, 1992 that the final division of money and retirement accounts could not be accomplished until that motion was decided. (See plaintiff's exhibit A.)
The parties were again before Judge Karazin on July 17, 1992 on a motion regarding possession. They entered into a stipulation on July 17, 1992 for removal of approximately one-half of the Tobacco Jars for display in the Museum of Tobacco Art and History in Nashville, Tennessee from September 11, 1992 through January 30, 1993, and orders were entered in accordance with that stipulation.
The defendant had previously filed a motion for contempt on August 26, 1992 (docket entry number 122). In that motion the defendant raised the same issues raised in her present motion for contempt and the issue of interest on the sum of $281,530.00 to be transferred from the plaintiff's IRA account. On January 11, 1993, this issue was decided by Judge Karazin in his Memorandum of Decision. While the issue of interest was raised, it was not decided by Judge Karazin. He decided simply that the IRA account was to be divided and the sum of $281,530.00 paid over to the defendant into an IRA account in her name. The court then stated:
 "It was clearly this court's intention to leave the funds as IRA funds. It was contemplated that that IRA keeping its form as an IRA would be divided equally between the parties as an IRA. So that in a perfect world what the court contemplated was, that the IRA that was in the husband's sole name would be an IRA in the Husband's name for one-half and an IRA for the wife's name for one-half. It was not the court's intention to change the form. That paragraph is as clear as this court reads it to express and carry out that intention."
In fact, the sum of $221,530.00 was transferred from the plaintiff's IRA account to an IRA account in the defendant's name. Since the sum of $45,745.00 had not been paid by the defendant to the plaintiff as his half of the joint accounts, the plaintiff withheld $60,000.00 of the amount ordered to be paid over by paragraph 21 of the judgment claiming that, when CT Page 6987 the tax consequences of before tax dollars were considered, the sum of $60,000.00 would be nearly equal to the $45,745.00 owed to the plaintiff in after tax dollars. The plaintiff's position was that when the $45,745.00 was paid to him the $60,000.00 would be paid over to the defendant's IRA account.
On the defendant's motion for contempt, the court does not find the plaintiff in contempt. The court does not find wilful violation of the court's orders necessary to find contempt. See Connolly v. Connolly, 191 Conn. 468, 483 (1983); Turgeon v. Turgeon, 190 Conn. 269, 283 (1983). There was no wrongful detention of money by the plaintiff, nor was there a wrongful withholding of a division of the plaintiff's IRA account. However, Judge Karazin contemplated an equal division of the IRA account. The figure of $281,530.00 was one half of the IRA account on the date of judgment. The nominal rate of interest on this account for the period January 1, 1992 to August 28 was 6.021% (see plaintiff's exhibit D). Interest or growth of the defendant's portion of the fund for the period February 25, 1992 to September 3, 1992 amounts to $8,852.15. The nominal rate of interest for the period September 3, 1992 to December 31, 1992 was 2.987% (see plaintiff's exhibit F),. Interest or growth attributable to $60,000.00 for this period amounted to $582.46. For the period January through June, 1993, total interest and dividends amount to $11,929.23 (see defendant's exhibit 5), $60,000.00 represented 13.2% of the total fund or $1,574.66. The total, therefore, which should be added to the $60,000.00 due to the defendant from the plaintiff's IRA account is $11,009.27 plus the nominal rate of interest on $60,000.00 for the month of July and to date (the amount for July and to date will approximate $10.00 per day and for ease of computation, the parties can use this figure). The sum of $71,009.27 plus the amount for July and to date shall be paid over from the plaintiff's IRA account to the defendant's IRA account as a total amount free of any tax consequences at this time to either party. The tax consequences will result in ordinary income to the defendant upon withdrawal from her IRA account or upon her death, whichever first occurs.
As to the remaining claims raised by the defendant in her motion for contempt, the court finds that the automobile ordered to be sold in paragraph 13 is for sale and that the plaintiff is making best efforts to accomplish its sale, and that the plaintiff has disclosed his income for 1992 in this proceeding and paid 35 per cent of his net after tax income as CT Page 6988 provided in paragraph 24. Orders have been entered upon the record for the plaintiff's removal of the personal property provided by paragraphs 5, 6, 9 and 10 of the parties' agreement. The mutual fund has been divided in accordance with paragraph 19 of the judgment.
Upon the plaintiff's motion for contempt, it is found that the defendant has not paid over $45,745.00 to the plaintiff as his half of the joint bank accounts as provided by paragraph 10 of the judgment. The defendant claimed it was necessary to use all of the joint accounts to pay the taxes due to the Internal Revenue Service, and she had no money to pay the amount due to the plaintiff. The plaintiff, on the other hand, suffered damages by reason of needing to "cash in" at least $35,000.00 of his IRA account for living expenses. Had he received his half of the joint accounts as ordered, he would not have had to incur the income tax consequences of the draw down of his IRA account. Under these circumstances, interest is justified. "The determination of whether or not interest is to be recognized, as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." Bernhard v. Rochester German Ins. Co., 79 Conn. 388, 398 (1906); Cecio Bros., Inc. v. Feldman, 161 Conn. 265, 275 (1971). While the court does not find that the defendant is in contempt for wilful withholding of the funds, it is equitable that the plaintiff receive the "full benefit of that to which [s]he [or it] was entitled." Kronholm v. Kronholm, 16 Conn. App. 124 (1988). There has been a detention of money after it became payable. Section 37-3a of the Connecticut General Statutes.
There is a definite difference in the two theories applied by the court in this case. On the defendant's claim, it is necessary under Judge Karazin's order that the defendant receive what was earned by her share of the IRA account before the actual date of distribution. Interest as such is not a part of the court's consideration. As to the plaintiff's claims, however, interest is a consideration.
The date of June 1, 1992 becomes a material date on the issue of interest on the plaintiff's claim. The parties through counsel had agreed that final division of money and retirement accounts could not be accomplished until approximately that date (see plaintiff's exhibit A). The court, therefore, awards the plaintiff interest at ten (10%) per cent CT Page 6989 on $45,745.00 for the period June 1, 1992 to October 15, 1992 in the amount of $1,715.50. Upon October 15, the plaintiff received tobacco jars worth $12,000.00 for which the defendant received a credit upon the $45,745.00 amount. Interest, therefore, at ten (10%) per cent on $33,745.00 is awarded for the period October 15, 1992 to the date hereof.
The other claims raised by the plaintiff in his motion are no longer pressed, the same having been satisfied.
A sum of $71,009.27 plus interest from July 1, 1993 to date of transfer shall be paid over from the plaintiff's IRA to the defendant's IRA within two weeks of the date hereof. At the same time, the sum of $35,460.00 plus interest at ten (10%) per cent on $33,745.00 for the period October 15, 1992 to the date of payment shall be paid over by the defendant to the plaintiff. The court believes it will be necessary for the defendant to draw down funds from her IRA account which she shall have to do to the extent it may be necessary, and the tax consequences of such shall be hers without any contribution by the plaintiff. Such payment shall likewise be made within two weeks of the date hereof.
The claim of each of the parties for counsel fees is denied.
EDGAR W. BASSICK, III, JUDGE