[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR CONTEMPT CITATION
The marriage of the plaintiff Linda Eldridge and the defendant CT Page 377 Stephen Eldridge was dissolved in an uncontested proceeding on December 20, 1989, by the court, Cramer, J. The decree dissolving the marriage incorporated by reference a separation agreement (hereinafter "agreement") executed by the parties on December 19, 1989. The agreement provided, inter alia, that the plaintiff convey her interest in the family farm, located in Salem, Connecticut, to the defendant, and the defendant in turn pay to the plaintiff the sum of $450,000.00. The agreement further provides that $300,000.00 of the $450,000.00 to be paid to the plaintiff is to be secured by a note and a mortgage on the Salem property. The relevant portions of the separation agreement which were repeated verbatim in the decree read as follows:
 The Defendant Stephen Eldridge shall execute a note and mortgage on the farm property in Salem, Connecticut, including the home and all of the acreage, farm equipment and farm vehicles. The mortgage shall not include trailers used in Eldridge trailer sales or the horses on the property which may from time to time be sold. Said note shall be in the sum of $300,000.00 and payable six months from the date hereof together with interest at the rate of twelve percent payable monthly in advance commencing upon default of the mortgage. . . .
 The Defendant shall pay $1,000.00 per month toward the principal payment beginning January 2, 1990 and continuing monthly until the note becomes fully due and paid. (Emphasis provided.)
 The defendant shall pay all real property and personal property taxes to the Town of Salem for the farm property and farm equipment as each payment falls due within the Town of Salem.
The plaintiff testified that the defendant made six $1,000.00 payments until June, 1990. Thereafter, the defendant made no further payments.
The plaintiff filed an action seeking to foreclose the mortgage on the Salem property in September of 1990. The defendant filed a Chapter 11 bankruptcy petition on July 12, 1991. The plaintiff moved for relief from the automatic stay of bankruptcy, which was denied on February 20, 1992. The defendant's bankruptcy action was dismissed in July, 1993. The plaintiff's foreclosure action, which was stayed during the pendency of the defendant's CT Page 378 bankruptcy proceedings, remains pending.
The plaintiff's application for a contempt citation and order to show cause was duly served on the defendant and he was personally present with counsel. The plaintiff asserts that the defendant has failed to comply with the terms of the decree in that he has failed to make the monthly payments of $1,000.00 ordered and has also failed to pay taxes on the mortgaged property. Both parties testified and filed memoranda of law and exhibits.
The defendant, in his memorandum, essentially asserts that he should not be held in contempt because: 1) the order regarding the monthly $1,000.00 payments on the note and the provision referring to the payment of taxes terminated when the note came due in June, 1990; 2) after June, 1990 the payment of taxes and the monthly payment obligations merged with the note and mortgage and thus the plaintiff's sole remedy of enforcement is through foreclosure; and 3) if the court finds that the judgment of dissolution created a continuing obligation to make monthly payments and pay taxes on the Salem property, to hold the defendant in contempt would penalize him for exercising his rights under bankruptcy law.
"The authority of a court to find a party in contempt is founded in the court's need to have the ability to coerce compliance with its orders." Calway v. Calway, 26 Conn. App. 737, 743
(1992), citing Tufano v. Tufano, 18 Conn. App. 119, 125 (1988). "To find a party in contempt, a trial court must conclude that a party has disobeyed an order of the court." Fitzgerald v. Fitzgerald,16 Conn. App. 548, 551, cert. denied, 210 Conn. 802 (1988).
In a civil contempt proceeding the contemner must be in the position to purge his contempt. Mays v. Mays, supra, 266. A party may not be held in contempt if he is unable to obey the court order. Tatro v. Tatro, 24 Conn. App. 180, 186 (1991). Furthermore, "[i]t is within the sound discretion of the court to deny a claim for contempt when there is a factual basis to explain the failure to honor the court's order." Marcil v. Marcil, 4 Conn. App. 403,405 (1985).
The first issue to be decided by the court is whether the defendant is in violation of a court order. This necessitates an interpretation of the December 20, 1989 judgment of dissolution.
A judgment of dissolution which incorporates a separation CT Page 379 agreement is to be construed in accordance with contract principles. Marsico v. Marsico, 195 Conn. 491, 493 (1985). The construction of such an agreement is an issue of fact and depends upon the intention of the parties as manifested in the language of the agreement itself. Mihalyak v. Mihalyak, 11 Conn. App. 610,616 (1987). "When the intention conveyed is clear and unambiguous, there is no room for construction." Kronholm v. Kronholm,16 Conn. App. 124, 130 (1988). "In determining the intent of the parties, the contract is to be taken as a whole and all its relevant provisions considered in connection with each other; Cocco v. Cocco, 166 Conn. 37, 41 (1974); and a judgment based upon the language of an agreement must be read as a whole." Kronholm v. Kronholm, supra, 130-131. A court may not look outside the agreement to determine the intent of the parties unless the language of the agreement is ambiguous. Id., 130.
The defendant asserts that the judgment did not create a continuing obligation to make monthly payments on the note and to pay taxes, but created an obligation which terminated on the day the note came due. The defendant further argues that the provision to make monthly payments and to pay taxes merged with the note and mortgage and thus the plaintiff's remedy for their violation lies solely in proceeding on the note or the mortgage.
This court disagrees. Rather, the court finds that the terms of the separation agreement, which was incorporated into the judgment, are clear and unambiguous. The defendant's argument that his obligation to pay taxes and to make monthly payments of $1,000.00 on the note ended when the note matured is unpersuasive. If the parties desired such a provision in the agreement underlying the decree, or intended it, they could have so provided. The terms of the decree require the defendant to sign a note and execute a mortgage on the Salem property, which he did. The terms of the decree require the defendant to pay $1,000.00 toward the principal every month until the note is "fully due and paid." The note has become due but it has not been paid. The decree also provided that the defendant shall pay taxes on the Salem property and does not limit this obligation to a specific time period. It is evident that the defendant's obligation under the decree to pay taxes on the property was a continuing one (presumably so long as the plaintiff held a security interest on the property, which this court need not decide); the defendant's obligation to make monthly payments in the amount of $1,000.00 pursuant to the decree specifically continued until the note was fully paid. CT Page 380
The defendant's argument that the obligations ordered by the decree merged with the note and the mortgage leaving foreclosure or a suit on the note as the plaintiff's sole remedies is similarly unpersuasive. In this situation the monthly payment provision is a specific order of the court. If there were no such order, it might well be that the plaintiff's sole remedy would be on the note or mortgage; here, however, the failure of the defendant to make monthly payments on the note principal constitutes a violation of the decree. See Fitzgerald v. Fitzgerald, 16 Conn. App. 548,551, cert. denied, 210 Conn. 802 (1988) (where the appellate court reversed the trial court's finding that the defendant was in contempt of a court order for not remaining in the marital premises on the ground that the defendant's obligation was not an order of a court, but a circumstance which would trigger payment of a note). The inclusion of the monthly payment provision in the note does not alter the fact that the monthly payment order was a separate and distinct term of the decree.
The defendant's next argument is somewhat unclear. It appears to be based upon the doctrine of res judicata, or its cousin, collateral estoppel. He argues that the plaintiff cannot obtain a contempt citation against him because the plaintiff's motion for relief from stay was denied by the bankruptcy court. The defendant also cites to the plaintiff's failure to assert in the bankruptcy proceeding her right to continuing payments from the defendant. The defendant concludes that because she did not assert them in the bankruptcy court, she may not assert them here.
The bankruptcy court did not specifically address any of the issues presently before this court. Nor does the defendant point to any finding of fact applicable to the issue before the court which was essential to the order of the bankruptcy court denying relief from stay. Furthermore, because the defendant's bankruptcy proceeding was dismissed without discharge of the defendant, it is evident that the bankruptcy proceedings can have no present application to this instant case.
The defendant's final argument is that if the court were to find the defendant in contempt by failing to make tax payments and monthly payments on the note, it would be penalizing him for exercising his rights under bankruptcy law. The court disagrees.
Presently, there is no bankruptcy action pending, nor were any of the defendant's debts discharged in the prior bankruptcy proceeding. The defendant has failed to make monthly payments on CT Page 381 the note since June, 1990. Furthermore, the defendant has never paid taxes[1] on the Salem property. While the defendant may have been immunized from a contempt action while his bankruptcy was actually pending, he was in violation of the judgment before the commencement of bankruptcy proceedings and resumed his continuing violation upon their dismissal. As there is no bankruptcy action now pending, a finding of contempt cannot penalize the defendant for exercising his rights under bankruptcy law.
As the defendant has not made the $1,000 payments since June, 1990, the arrearage arising from this provision of the decree now equals $42,000.00, which represents 42 monthly payments due from July, 1990 through December, 1993, and which is now due and payable to the plaintiff from the defendant.
There is also due and payable to the Town of Salem, as of December, 1993, the sum of $41,550.41, including taxes, interest and lien fees.
The court concludes that it is unable to find the defendant in contempt of these orders because the defendant has appeared to argue, in good faith, that the obligations to pay the $1,000 per month and the real estate taxes were subsumed into the note and mortgage. Thus, the character of the defendant's obligations were the subject of honest disagreement and do not rise to a willful disregard of the court's orders.
However, it is clear that the defendant has in fact failed to comply with the court's orders, while having an ability to do so. He has the present ability to comply at least as to the $1,000 per month payments, which are properly due and owing to the plaintiff, and in justice and equity, ought to be paid to her.
"In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." Sardilli v. Sardilli, 16 Conn. App. 114,120 (1988) quoting Nelson v. Nelson, 13 Conn. App. 355,367 (1988).
The court also awards reasonable attorney's fees to plaintiff's counsel in the amount of $750 which, when added to an arrearage of $42,000, makes a total arrearage of $42,750. CT Page 382
Accordingly, the defendant is ordered to pay to the plaintiff the sum of $1,000 per month on the current order ($231.18 per week) until the note is paid in full and $250 per month on the total arrearage of $42,750 ($57.80 per week) until paid in full; both the current and arrearage orders are to be secured by an immediate wage execution. No orders are entered at this time as to the real estate taxes, interest and lien fees.
Fitzgerald, Gordon, Chinigo Leone for plaintiff.
John C. Bahrenberg for defendant.