[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'SMOTION FOR SUMMARY JUDGMENT (NO. 114)
I
The plaintiff moved for summary judgment in this action brought to foreclose on a mortgage given to secure a debt of $2 million. The facts and procedural history are as follows.
In their dissolution of marriage in 1989, the plaintiff, Maria B. Carr (plaintiff), entered into a 32-page separation agreement with her former husband, John F. Carr (defendant). The agreement was incorporated into the dissolution decree by the court. The agreement provided that the defendant pay the plaintiff the sum of $2 million in lump sum alimony on or before October 1, 1994. The lump sum alimony was secured by a mortgage in favor of the plaintiff on premises located at 355 West Shore Avenue, Groton Long Point, Connecticut, and on premises located at 937 Groton Long Point, Groton, Connecticut. The decree also ordered the defendant to pay the plaintiff periodic alimony in the amount of $10,000 per month until she received the lump sum alimony discussed above.
It is undisputed that the plaintiff did not receive her $2 million, which is unpaid and still owing as of October 1, 1994, and that the defendant has continued to make the monthly payments of periodic alimony. The plaintiff then brought this action to foreclose her mortgage, and in this motion she claims that there are no genuine issues of material fact in dispute and asserts that she is entitled to summary judgment as a matter of law. The defendant, however, claims that he is not in default of his obligation to pay the $2 million under the agreement. Although admitting that the $2 million lump sum payment was not made on October 1, 1994, the defendant nevertheless asserts that he is not in default because he has continued to make the periodic alimony payments of $10,000 a month. According to the defendant's interpretation of the agreement, so long as he continues to make the periodic alimony payments of $10,000 a month to the plaintiff, he cannot be said to be in default under the lump sum alimony provision, as his continued payments extend its maturity CT Page 12478 date, and the lump sum of $2 million is not yet payable. Thus, he contends that the plaintiff has no right to foreclose on the subject properties. Both parties have made oral argument and submitted briefs in support of their respective positions.
 II
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279 (1989).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . [A]nd the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test if whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp. ,229 Conn. 99, 105-06 (1994).
The dispute between the parties here does not arise out of contested factual scenarios; but arises out of the interpretation of the parties' settlement agreement and the legal significance of the facts. Thus, the case presents an issue which is appropriate for summary judgment consideration.
 III
In order to resolve the issue here raised, the court must look to the relevant terms of the separation agreement and decree. Section 2.2 of the Agreement entitled "Alimony" states in part: CT Page 12479
 Commencing on the first day of September, 1989, and on the first day of each month thereafter, subject to the terms, conditions, limitations and reductions as hereafter provided, the HUSBAND during his lifetime shall pay to the WIFE during her lifetime, in equal monthly installments . . . the sum of $10,000.00.
Section 2.4 of the agreement then states that, "[u]pon the HUSBAND paying to the WIFE the lump sum alimony hereinafter provided in Article V in full, the periodic alimony shall automatically terminate upon the payment of said full amount."
Section 5.1 of the Agreement entitled "Payment of Lump Sum Alimony" states in part, "[a]s and for an additional alimony order the HUSBAND shall pay to the WIFE the sum of $2,000,000 . . . on or before October 1, 1994, but subject to terms and conditions as hereinafter provided in this article." Section 5.3 of the Agreement provides for the mortgage securing the lump sum payment.
In Marsico v. Marsico, 195 Conn. 491, 493, the court noted that:
 Where . . . the provisions of a [settlement agreement] have been incorporated by reference in the judgment, it is necessary to ascertain the intent of the parties as expressed in the language of the agreement rather than to construe the language of the decree itself. . . . [w]e have indicated on several occasions that settlement agreements incorporated into dissolution judgments should be interpreted consistently with accepted contract principles.
(Citations omitted; internal quotation marks omitted.)
A common sense reading of the separation agreement reveals that the defendant's construction is untenable. "When the intention conveyed is clear and unambiguous, there is no room for construction." Kronholm v. Kronholm, 16 Conn. App. 124, 130
(1988). The clear intent of Sections 2.2 and 2.4 is that the defendant pay to the plaintiff the sum of $10,000 per month as CT Page 12480 periodic alimony until the defendant made the lump sum alimony payment called for. The agreement required the defendant to pay the lump sum alimony on or before October 1, 1994. There is no language in the agreement, either express or implied, that would support the defendant's position that the October 1, 1994 payment date is extended if he continued to make the monthly periodic alimony payments. If the parties wished to insert such a provision, they could have easily done so. If the defendant's reasoning were adopted, his lump sum alimony obligation could never become payable despite the plain language in the agreement. Buttressing this conclusion, is the clear and unequivocal statement in Section 5.1 of the agreement, which states: "Neither the amount nor the terms as set forth herein shall be subject to modification".
The fact that the agreement provided that the periodic alimony would terminate upon the payment of the $2 million lump sum alimony cannot be construed to mean alternatively, that continuation of the periodic alimony payments beyond October 1, 1994 automatically extended the deadline for payment of the lump sum. Rather, when read in context with Section 2.5, the abundantly clear intent was to provide the defendant an incentive for early payment of the lump sum (and disincentive for late payment). That section (§ 2.5) also gave the defendant proportionate reductions in the required periodic alimony payments if he made partial prepayments of the lump sum.
 IV
As there is no genuine issue of material fact in dispute, the court finds, based on the plain and unambiguous language of the separation agreement, that the defendant was, and is, obligated to make a lump sum payment of $2 million to the plaintiff on or before October 1, 1994. As he did not do so, he is in default of the mortgage. The plaintiff is therefore entitled to summary judgment as a matter of law.
For the above stated reasons, the plaintiff's motion for summary judgment is granted.
Teller, J. CT Page 12481