[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FORMODIFICATION OF JUDGMENT
CT Page 1365-M
Under date of June 6, 1995, the defendant submitted a Motion for Modification of Judgment, requesting this court to evaluate existing orders for payment of periodic alimony. The defendant claimed that substantial changes in his financial circumstances required the court to alleviate his burden by reducing the amount he was obliged to pay to the plaintiff. Thereafter, under date of August 4, 1995, the plaintiff filed a Motion for Contempt, based on the defendant's alleged neglect and failure to pay alimony in accordance with the terms of the underlying judgment.[1] The defendant submitted an objection to the motion for contempt under date of August 16, 1995.
These matters were presented to Sullivan, J. on August 22, 1995, and the parties were ordered to submit briefs addressing the issues presented in the June 6, 1995 Motion for Modification. In his Memorandum in Support of Modification of Judgment in Action for Dissolution of Marriage and in Opposition to Motion for Contempt, filed under date r September 8, 1995, the defendant raised the following issues: (1) whether the provisions of the judgment relating to non-modification of periodic alimony were ambiguous, thereby permitting modification, (2) that the defendant's change in financial circumstances, which occurred after 1984, required the court to consider modification as a matter of law pursuant to § 46b-86; and (3) that Connecticut case law requires the court to entertain the defendant's evidence concerning his change in financial circumstances.
The parties presented oral argument on September 27, 1995. Thereafter, in response to the court's invitation to both parties, the defendant submitted an extensive' reproduction of the applicable legislative history along with a detailed and thorough supplemental memoranda of law.[2] After review, the court finds all issues in favor of the plaintiff. Accordingly, the defendant's Motion for Modification of Judgment is denied. The court reserves judgment on the plaintiffs Motion for Contempt.
 I
By way of pertinent history, the file reflects that judgment was entered dissolving the marriage of the parties on June 29, 1984. (Daly, J.) Paragraph 4 of the judgment establishes the CT Page 1365-N nature and duration of certain increases in lump sum and periodic alimony to be paid by the defendant to the plaintiff: this paragraph is entitled "Support of Plaintiff after the Death of Defendant's Mother." Paragraphs 4(c), 4(d), 4(g), 4(h) and 4(i) describe lump sum alimony the defendant is obligated to pay to the plaintiff. Paragraphs 4(a), 4(e), 4(f), 4(f) and 4(i) describe certain periodic alimony to be paid by the defendant to the plaintiff, and set forth the schedule for increases in this periodic alimony. Paragraph 4(b) defines the criteria for termination of this periodic alimony. The judgment also includes the following language which specifically relates to the potential for modification of the periodic alimony described in Paragraphs 4(a) and 4(b): "Said increased periodic alimony shallnot be subject to modification as to amount or duration, pursuant to § 46b-86(a) of the Connecticut General Statutes, as amended."[4] (Emphasis added.) Paragraph 4(b). The judgment was signed by counsel for each party, and was duly recorded by the clerk.
The court notes, as well, that the parties had submitted an agreement for the court's consideration at the time they appeared for entry of orders dissolving the marriage. Both parties were represented by counsel at the hearing held on June 29, 1984, prior to entry of judgment.[5] Paragraph 5 of this Agreement is entitled "Support of Wife after the Death of Husband's Mother," and thus was parallel to paragraph 4 of the judgment. Paragraph, 5(b) of the agreement, like paragraph 4 of the judgment, refers directly to the provision of "increased periodic alimony". Paragraph 5(b), like paragraph 4 of the judgment, specifically provides that "[s]uch increased periodic alimony shall not besubject to modification as to amount or as to duration."
(Emphasis added.)
 II
The defendant has now asked the court to find that the provisions of the judgment relating to non-modification of periodic alimony were ambiguous, thereby permitting modification.[6] "General Statutes § 46b-86(a) clearly permits the trial court to make periodic awards of alimony nonmodifiable. Provisions for nonmodification are generally not favored, but to be upheld they must be clear and unambiguous. `If the decree is meant to be nonmodifiable, it must contain language to that effect.'" (Citations omitted.) Lawler v. Lawler, 16 Conn. App. 193,203 (1988). In determining whether an award is in the CT Page 1365-O nature of alimony or a division of property, the characterization made by the trial court is controlling. Passamano v. Passamano,228 Conn. 85, 90 (1993).
In family relations cases, a judgment rendered by the trial court in accordance with an agreement or stipulation is considered to be a contract binding the parties. Tremaine v.Tremaine, supra, 235 Conn. 57; Kronholm v. Kronholm, supra,16 Conn. App. 130; Caracansi v. Caracansi, 4 Conn. App. 645, 650, cert. denied, 197 Conn. 805 (1985). As when construing contracts arising under other circumstances, when the court evaluates an agreement incorporated by reference in a family relations case, it must examine the entire document to determine whether its terms disclose "ambiguity or language reasonably subject to different interpretations." Kronholm v. Kronholm, supra, 16 Conn. App. 128,130-31. The question for the court "is not what intention existed in the minds of the parties but what intention is expressed in the language used . . . When the intention conveyed is clear and unambiguous, there is no room for construction . . . ." (Citations omitted.) Kronholm v. Kronholm,
supra, 16 Conn. App. 130-131. The court reviewing such an agreement must then accord the language used "`its common, natural and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . .'" (Citations omitted.) Tremaine v. Tremaine, supra, 235 Conn. 57.
The court notes that where the text of an agreement "reasonably allows for varying interpretations — whether by the inadvertence or design of the draftsman — the need for judicial construction cannot, and may not, be avoided." (Citations omitted.) Nelson v. Nelson, supra, 13 Conn. App. 360. "While it is fundamental that the terms of a written contract which is intended by the parties to set forth their entire agreement may not be varied by parol evidence, it is equally fundamental that when the words used in the contract are uncertain or ambiguous, parol evidence of conversations between the parties or other circumstances antedating the contract may be used as an aid in the determination of the intent of the parties which was expressed by the written word." (Citations omitted.)Kronholm v. Kronholm, supra, 16 Conn. App. 131. Where two possible interpretations of a contractual provision may be made, "courts prefer the more equitable and rational interpretation." (Citations omitted.) Nelson v. Nelson, 13 Conn. App. 355, 362
(1987). CT Page 1365-P
In this case, the court finds that the phrase "shall not be subject to modification as to amount or as to duration, pursuant to § 46b-86(a) of the Connecticut General Statutes, as amended," as used in the judgment, was plain and unambiguous. The court further finds that application of the usual and customary meaning of this phrase and its terms would give full force and effect to the resolution of the parties' claims as recorded in the agreement, and incorporated into the judgment. Tremaine v.Tremaine, 235 Conn. 45, 57-58 (1995). See also Kronholm v.Kronholm, 16 Conn. 124, 128 (1988).
The court recognizes that "[w]hen the decree is silent as to the characterization of an order, an analysis of the structure of the dissolution decree is highly instructive . . . ." (Citations omitted.) Passamano v. Passamano, 228 Conn. 91. "[A]n ambiguous order should be examined in the context of the entire decree."Passamano v. Passamano, supra, 228 Conn. 91. However, in this case, the language used in the judgment, approved by the court, is clear, straightforward, and unambiguous. Therefore, it is not necessary to employ the protocol approved in Passamano v.Passamano.
Under these circumstances, it would be disingenuous, at best, for this court to discern an intention to permit modification of the nature or duration of the period alimony award established through the judgment. Our courts should not torture words, or excoriate judicial opinions, "`to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . .'" Tremainev. Tremaine, 235 Conn. 45, 57 (1995). Judge Daly's orders with relation to lump sum and periodic alimony were precise and specifically addressed to the issues raised by the parties' agreement. As such, any factual change of circumstance, such as that promoted by the defendant, does not constitute an effective basis for modification of these orders.
 III
The defendant has urged the court to reduce his financial obligations to the plaintiff, based upon his claimed change in financial circumstances. The defendant submits that because his change in financial circumstances occurred after 1984, the court is required the court to consider modification as a matter of law pursuant to General Statutes § 46b-86.[6] The defendant apparently relies upon the legislative history and text of that statute to support this claim. CT Page 1365-Q
The defendant submitted a well-crafted supplemental memorandum summarizing the legislative history relating to the penumbra of § 46b-86, and reproducing in full the text of ostensibly relevant comments by the legislators. The court has reviewed the legislative history provided by the defendant, and noted that the information provided concentrates on adoption of the Child Support Guidelines. While some portions of the proffered legislative history do address modification of alimony and spousal support orders, it is clear that the legislators' efforts were directed at establishing criteria for modification "where there is no preclusion of modification, where the decree does not preclude modification." Rep. Farr, House of Representatives, Wednesday, April 8, 1987, 39-40, 2623-2624.
The defendant has not brought to the court's attention any persuasive history which would lead to the adoption of his contention that the age of the underlying judgment renders inoperable the specific language precluding modification of the alimony orders at issue. Despite the defendant's vociferous appeal, therefore, the court declines the opportunity to permit modification of this judgment based on legislative intention.
 IV
The defendant further submits that Connecticut case law requires the court to entertain his evidence concerning his change in financial circumstances. He relies upon two Connecticut Supreme Court cases to support his claim that § 46b-86
permits modification of the alimony provisions at issue. The court finds that neither Fahy v. Fahy, 227 Conn. 505 (1993) norBorkowski v. Borkowski, 228 Conn. 729 (1994), tendered by the defendant, provide guidance for a factual situation such as that presented here, where the decree specifically precludes modification of awards increased alimony, as described in Paragraph 4 of the decree.
Fahy v. Fahy, supra, adopted a common law premise for the retroactive application of P.A. 90-213, § 46, which amended General Statutes § 46b-86.[7] Fahy v. Fahy held that an award of periodic alimony made prior to October 1, 1987, like awards of child support specifically referenced in the public act, would be subject to modification upon a showing of a substantial change in circumstances of either party without regard to whether such change in circumstances was contemplated CT Page 1365-R at the time of the dissolution of the marriage.[8] Fahy v.Fahy, 227 Conn. 509, 516. For application of this rule to the facts of the present case, however, it is important to note thatFahy v. Fahy clearly holds that "absent a written stipulation orprior judicial order to the contrary, the trial court, when faced with a request for modification of an alimony award, should exercise its discretion without regard to whether the change of circumstances had been contemplated at the time of the previous award." (Emphasis added.) Fahy v. Fahy, 227 Conn. 509.
The defendant would have the court ignore the carefully deduced historical precepts supporting the decision in Fahy v.Fahy,[9] by extending the permission to modify to cases where the decree expressly prohibits such amendment of alimony provisions. The court finds that Fahy v. Fahy provides no rationale for such extension. Rather, the court relies upon a reading of "[t]he plain language" of the statute at issue, §46b-86 (a) to ascertain and give effect to the apparent intent of the legislature. Fahy v. Fahy, supra, 227 Conn. 512. As noted, § 46b-86(a), as effective today and at the time judgment was entered in this case, expressly qualifies the opportunities for modification of a decree through its introductory phrase, "(a) Unless and to the extent that the decree precludes modification." Accordingly, giving effect to that preliminary phrase, the court holds that in a case such as this, where the terms of the decree preclude modification, any showing of a change in circumstances, affecting either party, is irrelevant.
The defendant's reliance upon Borkowski v. Borkowski,228 Conn. 729 (1994) is similarly unavailing.[10] The opinion neither considers nor construes the introductory phrase of §46b-86(a), relating to decrees which specifically preclude modification of alimony or support orders. Instead, Borkowski v.Borkowski salutes the principles which seek to "`avoid re-litigation of matters already settled . . . .'" (Citations omitted.) 228 Conn. 735, 738-39. "A court, having performed its function of ruling upon a controversy, cannot be taken over by the litigants for the continued readjudication and reconsideration of their affairs. To allow otherwise would waste time and leave an undesirable uncertainty in the economic affairs of the parties." Borkowski v. Borkowski, supra, 228 Conn. 739.Borkowski v. Borkowski thus supports, rather than razes, the inviolate nature of alimony orders whose modification is precluded by the terms of the decree. Id. CT Page 1365-S
V CONTEMPT
It is a fundamental precept of family law that a party's inability to obey a court order, without fault or complicity on his part, is an adequate defense to a charge of contempt. Bryantv. Bryant, 228 Conn. 630, 636 (1994). "In a contempt proceeding,even in the absence of a finding of contempt, a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order . . . .' Such court action, however, must be supported by competent evidence.'" (Citations omitted; emphasis in the original.) Clement v. Clement, 34 Conn. App. 641, 647 (1994).
"When the conduct underlying the alleged contempt does not occur in the presence of the court, a contempt finding `must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases.'" (Citations omitted.)Bryant v. Bryant, 228 Conn. 630, 637 (1994).
In this case, the court has not yet offered the parties an opportunity to present proof that the defendant should be held in contempt of court, or to present proof to the contrary. Accordingly, this matter will be rescheduled for hearing on this subject, at a time and date which is convenient to counsel and the parties.
WHEREBY the defendant's Motion for Modification of Judgment, dated June 6, 1995, is denied, and the matter is continued for further proceedings consistent with this decision.
BY THE COURT,
N. Rubinow, J.