[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION IN LIMINE DATED MARCH 5, 2002 (#175)
I. Procedural Background
The marriage of the parties was dissolved on September 7, 2000. The judgment incorporated the parties' separation agreement dated August 30, 2000. That agreement included provisions for the transfer to the plaintiff of a portion of the defendant's pension. The plaintiff has filed a motion to compel dated October 2, 2001 in which she seeks to compel the defendant to transfer to her one-half of the pension at the December 31, 1999 value less certain credits. A hearing on the motion will be held after this motion in limine is resolved. The plaintiff, Ronni S. Breiter, filed this motion in limine to preclude the defendant from introducing evidence at the hearing of the plaintiff's motion to compel. The plaintiff relies upon 1) the parol evidence rule, and 2) lack of statutory jurisdiction. For the reasons stated below, the plaintiff's motion will be granted in part and denied in part.
II. Applicable Provisions of the Agreement
Section 8 of the separation agreement reads as follows:
CT Page 6415 "8. Retirement Benefits — Asset Division: The Husband shall transfer to the Wife so much of the accrued benefits in his pension, retirement, 401k, IRA or similar plan (hereinafter "Pension Plan") so that the wife receives fifty percent (50%) of the combined after tax value of all of the parties assets (exclusive of the household goods and furnishings located at 30 Mohawk Drive, West Hartford, Connecticut, artwork in the husband's office condominium; each parties jewelry and personal effects and the artwork and antiques and business interests as set forth in paragraphs 9 and 10 hereof) as of December 31, 1999 plus any increase in the value of said pension plans through the date of division, including all 1999 contributions. Said transfer shall be by way of a Qualified Domestic Relations Order or other tax free method of transfer (hereinafter "QDRO") as may be permitted or required by the husband's employer or pension plan administrator. The Court shall retain jurisdiction over this matter to amend the judgement and any QDRO orders entered in connection therewith in order to establish and/or maintain the qualifications of the QDRO under applicable law and to otherwise fulfill the intent of this provision. Exhibit A hereof is a list of the assets, together with their agreed upon values and party receiving each asset, which will be considered in making said adjustment from the pension plan.
Except as above, the parties expressly waive any interest they may have in any individual retirement accounts, employee savings, retirement, pension, profit sharing, or similar plans that they may be entitled to through their respective employers."
Exhibit A reads as follows:
HUSBAND WIFE
 Real Estate (Equity) $63,000 (condos) $374,000 (marital home)
 Automobiles (Equity) $34,000 $8,000
 Cash Value Life Insurance $50,000 $30,000 CT Page 6416
 Schwab Account (Husband) $240,000 $120,000
 Schwab Account (Joint) $0 $7,000 Total $387,000 $539,000
 Grand Total of Assets Husband and Wife $926,000
One-half $463,000 $463,000
Net after tax adjustment for Husband $76,000
 After tax adjustment in favor of Husband (to equalize after tax value of assets) $108,571
All limited partnerships and investments with Stan Sadlak Co. are to be divided equally.
Section 21 of the separation agreement reads as follows:
 "21. Entire Agreement: This Agreement and Stipulation contains the entire understanding of the parties hereto, and no oral statement or prior written matter shall have any force or effect hereon. The parties confirm that there are no representations, warranties, covenants or undertakings other than those expressly set forth herein."
III. Discussion
 A. Parol Evidence Rule
The plaintiff contends that the parol evidence rule should prevent the introduction of any evidence in the defendant's opposition to the motion to compel. The defendant contends that he should be able to offer evidence to show why the pension should not be divided as the plaintiff suggests. The parol evidence rule prohibits the introduction of extrinsic evidence to vary or contradict the terms of an integrated contract.Tallmadge Brothers v. Iroquis Gas Transmission System. L.P., 252 Conn. 479,498 (2000). By virtue of Section 21 of the agreement, this is an integrated contract. The defendant claims that he does not intend to vary or contradict the agreement. He claims that Section 8 of the agreement is CT Page 6417 ambiguous and that he is entitled to present evidence to establish the intent of the parties. "While it is fundamental that the terms of a written contract which is intended by the parties to set forth their entire agreement may not be varied by parol evidence, it is equally fundamental that when the words used in the contract are uncertain or ambiguous, parol evidence of conversations between the parties or other circumstances antedating the contract may be used as an aid in determination of the intent of the parties which was expressed by the written words." Kronholm v. Kronholm, 16 Conn. App. 124, 131 (1988), citing Maier v. Arsenault, 140 Conn. 364, 368 (1953).
The language of Section 8 and Schedule A of the agreement is clear and unambiguous. The pension is to be valued as of December 31, 1999 plus any increase in the value through the date of the division, including all 1999 contributions. The defendant is obligated to transfer to the plaintiff as much of the pension as is necessary so that the plaintiff receives 50% of the combined after tax value of the assets listed on Exhibit A. There is nothing ambiguous about this language. The language of Section 8 does not say that the pension is to be reduced by any decreases in value which might occur from December 31, 1999 until the date of distribution. Evidence tending to show that one of the parties had this intention is inadmissible because it would be contrary to the unambiguous meaning of the words of the agreement.
The defendant next claims that Section 8 and Schedule A contains a latent ambiguity. The defendant points to the last sentence of Schedule A which states that all limited partnerships and investments with Stan Sadlak Co. are to be divided equally. Although this language does not create a manifest ambiguity, the defendant claims that there is a latent ambiguity in this language because the defendant's pension is the only significant investment with Stan Sadlack. Thus, the unambiguous language of Section 8 will lead to the unequal division of the pension, while the unambiguous language of the last sentence of Schedule A will lead to an equal division of the pension. Therefore, the defendant argues that parol evidence is necessary to explain this contradiction.
The plaintiff argues that the concept of a latent ambiguity should not be applied to this situation because it does not appear that there has been a Connecticut appellate decision in the family law context concerning a latent defect. A latent ambiguity arises from extraneous or collateral facts which make the meaning of a written instrument uncertain although the language thereof be clear and unambiguous. Heyman AssociatesNo. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 782 (1995). In Connecticut, the vast majority of cases considering a claim of latent ambiguity have arisen in interpretation of statutes, interpretation of wills or trusts, and interpretation of deeds to real property. Id. CT Page 6418 However, there is no reason why the concept of latent ambiguity should not apply in other contexts.
Having considered the arguments of both parties, the parties will be permitted to present parol evidence to explain the alleged latent ambiguity between Section 8 and the last sentence of Schedule A. Otherwise, the court will be unable to order the proper disposition of the pension. As the defendant points out, the court can not simultaneously order the pension divided equally and unequally at the same time.
The defendant also seeks to offer evidence to attempt to prove that the parties made a mutual mistake about the date of valuation of the pension and whether or not decreases in the pension are to be considered as well as increases. Evidence of this sort would normally be excluded as an improper attempt to contradict the unambiguous terms of a fully integrated agreement. However, one of the exceptions to the parol evidence rule occurs when the extrinsic evidence is offered to show mutual mistake. TIE Communicatioins, Inc. v. Kopp, 218 Conn. 281, 289
(1991).
At the oral argument of this motion the defendant alleged that the parties made a mutual mistake about the date of December 31, 2001. In his written motion the defendant also alleged that the parties were mutually mistaken in not including a provision that the division of pension would take into account decreases in the value of the pension as well as increases. The parol evidence rule would not prevent the introduction of evidence tending to establish these alleged mutual mistakes.
B. Statutory Jurisdiction
The plaintiff argues that the court lacks statutory authority to grant the relief requested by the defendant because C.G.S. § 46b-86
prohibits post-judgment modification of property division orders. The plaintiff is correct in her recitation of the law on this subject. The court has no statutory authority to modify the property division set forth in the agreement of the parties. The defendant will not be permitted to introduce evidence which might tend to support such a modification. However, the court does have the authority to enforce the agreement of the parties. This would include determining whether there is a latent ambiguity or whether there was a mutual mistake by the parties. Determination of these issues does not constitute a postjudgment modification.
IV. Order
CT Page 6419
For all of the reasons set forth above, the plaintiff's motion in limine is granted to prevent the introduction of evidence tending to show that the agreement of the parties is manifestly ambiguous. However, the motion is denied as to evidence to explain 1) an alleged latent ambiguity between Section 8 and the last sentence of Schedule A, and 2) an alleged mutual mistake about the date of valuation of the pension and whether or not decreases in the pension are to be considered as well as increases.
John W. Pickard, J.